UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONOVAN SIERS, | ) | Civ. 14-4028-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING LEAVE TO |
| DENNIS KAEMINGK, Secretary of | ) | PROCEED IN FORMA PAUPERIS |
| Corrections, South Dakota | ) | AND DIRECTING PAYMENT OF |
| Department of Corrections, in his | ) | INITIAL PARTIAL FILING FEE |
| individual and official capacities; | ) | |
| MIKE VONSIK, Parole Board | ) | |
| Manager, South Dakota Board of | ) | |
| Pardons and Paroles, in his | ) | |
| individual and official capacities; | ) | |
| ED LIGTENBERG, Director, South | ) | |
| Dakota Board of Pardons and | ) | |
| Paroles, in his individual and official | ) | |
| capacities; | ) | |
| KAY NIKOLAS, Chair and Attorney, | ) | |
| South Dakota Board of Pardons and | ) | |
| Paroles, in her individual and official | ) | |
| capacities; | ) | |
| KEITH BONENBERGER, Vice Chair, | ) | |
| South Dakota Board of Pardons and | ) | |
| Paroles, in his individual and official | ) | |
| capacities; | ) | |
| DAVE NELSON, Attorney, South | ) | |
| Dakota Board of Pardons and | ) | |
| Paroles, in his individual and official | ) | |
| capacities; | ) | |
| JACK HIEB, Attorney, South Dakota | ) | |
| Board of Pardons and Paroles, in his | ) | |
| individual and official capacities; | ) | |
| SHARON LARSON, Office | ) | |
| Representative Board Member, South | ) | |
| Dakota Board of Pardons and | ) | |
| Paroles, in her individual and official | ) | |
| capacities; | ) | |

|  |  |
|---|---|
| WILLIAM GRODE, Office Representative Board Member, South Dakota Board of Pardons and Paroles, in his individual and official capacities; TRACI FREDRIDSON, Office Representative Board Member, South Dakota Board of Pardons and Paroles, in her individual and official capacities; and KENNETH ALBERS, Office Representative Board Member, South Dakota Board of Pardons and Paroles, in his individual and official capacities; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | |

Plaintiff, Donovan Siers, is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. Siers has filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 3.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Siers has reported average monthly deposits to his prisoner trust account of $153 and an average monthly balance of $76.50. Docket 5. Based on this information, the court grants plaintiff leave to proceed in forma pauperis provided he pays an initial partial filing fee of $30.60, which is 20 percent of $153. Plaintiff must pay this initial partial filing fee by **April 4, 2014**. If the court does not receive payment by this deadline, this matter will be dismissed. Plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). Accordingly, it is

ORDERED that Siers's motion for leave to proceed in forma pauperis (Docket 3) is granted. **Plaintiff will make an initial partial payment of $30.60 by April 4, 2014,** made payable to the Clerk, U.S. District Court. If the initial partial filing fee is not received by the specified deadline, the case **will be dismissed**.

IT IS FURTHER ORDERED that after payment of the initial partial filing fee, plaintiff's institution will collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that the clerk of the court is directed to send a copy of this Order to the appropriate official at plaintiff's institution.

IT IS FURTHER ORDERED that the clerk of the court is directed to set a pro se case management deadline in this case using the following text: April 4, 2014: initial partial filing fee payment due.

IT IS FURTHER ORDERED that plaintiff will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated March 4, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE