UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONOVAN SIERS, | ) | Civ. 14-4028-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS KAEMINGK, Secretary of Corrections, South Dakota Department of Corrections; MIKE VONSIK, Parole Board Manager, South Dakota Board of Pardons and Paroles; ED LIGTENBERG, Director, South Dakota Board of Pardons and Paroles; KAY NIKOLAS, Chair and Attorney, South Dakota Board of Pardons and Paroles; KEITH BONENBERGER, Vice Chair, South Dakota Board of Pardons and Paroles; DAVE NELSON, Attorney, South Dakota Board of Pardons and Paroles; JACK HIEB, Attorney, South Dakota Board of Pardons and Paroles; SHARON LARSON, Office Representative Board Member, South Dakota Board of Pardons and Paroles; WILLIAM GRODE, Office Representative Board Member, South Dakota Board of Pardons and Paroles; TRACI FREDRIDSON, Office Representative Board Member, South Dakota Board of Pardons and Paroles; and KENNETH ALBERS, Office Representative Board Member, South Dakota Board of Pardons and Paroles, each in his or her individual and official capacities; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER DISMISSING COMPLAINT |
| | ) | |
| Defendants. | ) | |

Plaintiff, Donovan Siers, is an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. Siers filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 2. On March 4, 2014, the court granted Siers leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee by April 4, 2014. Docket 9. Siers has since paid the initial partial filing fee. Additionally, Siers has filed two separate motions to amend or correct his complaint. Dockets 14, 15.

The court must now screen Siers's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.*

(citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, Siers claims that defendants violated his Eighth Amendment rights by adding time to an already unconstitutional sentence after he violated parole. Docket 1 at 6. Furthermore, Siers alleges that defendants violated his due process rights by holding a parole hearing to add additional time to his unconstitutional sentence. *Id.* at 7. To remedy these alleged constitutional violations, Siers requests that the court release him from prison and charge defendants with "conspiracy against rights" and "deprivation of rights undre [sic] color of law." *Id.* at 8.

The primary issue raised by Siers's complaint and the proposed amended complaints relates to the legality of his original conviction and subsequent sentence. Siers also challenges the outcome of his parole hearing, which he believes constitutes a deprivation of his constitutional rights because

4

his original sentence was itself unconstitutional. As the United States Supreme Court has noted, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). Therefore, because Siers seeks to invalidate his allegedly illegal sentence and be released from prison, he has failed to state a claim upon which relief may be granted pursuant to § 1983. His sole remedy is a writ of habeas corpus. Accordingly, it is

ORDERED that Siers's complaint (Docket 1) is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that Siers's motions to amend or correct complaint (Dockets 14, 15) are denied as moot.

Dated June 10, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE